# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN GREEN, an individual, | Case No. 1:25-cv-00222-JLT-BAM |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| v. | Status Conference: August 12, 2025, 8:30 a.m. Courtroom 8 (BAM) |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, a foreign corporation, and DOES 1 – 10, Inclusive, | |
| | Mid-Discovery Status Conference: November 5, 2025, 9:00 a.m. Courtroom 8 (BAM) |
| Defendants. | |
| _____/ | Amendment to Pleadings: August 27, 2025 |
| | Initial Disclosure: Completed |
| | Expert Disclosure: June 1, 2026 |
| | Supplemental Expert Disclosure: June 18, 2026 |
| | Non-expert Discovery Cutoff: May 15, 2026 |
| | Expert Discovery Cutoff: July 17, 2026 |
| | Pretrial Motion Filing Deadline: August 7, 2026 |
| | Pretrial Conference: **February 1, 2027, 1:30 p.m. Courtroom 4 (JLT)** |
| | Jury Trial: (5 days) **April 13, 2027, 8:30 a.m. Courtroom 4 (JLT)** |

1

This Court conducted a Scheduling Conference on July 10, 2025.  Counsel Lior Katz appeared by Zoom video on behalf of Plaintiff Melvin Green. Counsel Sarah Lambert appeared by Zoom video on behalf of Defendant Jaguar Land Rover North America, LLC. Based on the Joint Scheduling Report, and pursuant to Federal Rule of Civil Procedure 16(b), this Court sets a schedule for this action.

**1.      Current Status of Consent to the Magistrate Judge Jurisdiction**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, U.S. Magistrate Judge.

**2.      Amendment to the Parties' Pleadings**

All stipulated amendments or motions to amend shall be filed by **August 27, 2025.**

**3.      F.R.Civ.P. 26(a)(1) Initial Disclosures**

Initial disclosures are completed.

**4.      Discovery Cutoffs and Limits**

Initial expert witness disclosures by any party shall be served no later than **June 1, 2026**. Supplemental expert witness disclosures by any party shall be served no later than **June 18, 2026**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder.  In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

All non-expert discovery, including motions to compel, shall be completed no later than **May 15, 2026**. All expert discovery, including motions to compel, shall be completed no later than **July 17, 2026**. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted

discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

### 5. Status Conference

The Court sets a status conference for **August 12, 2025, at 8:30 a.m. in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**.  The purpose of the conference is to address the parties' anticipated protective order.  If the parties file a stipulated protective order prior to the conference, then the conference will be vacated.  The parties shall appear at the conference remotely with each party connecting via Zoom video conference.  The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference.  The Zoom ID number and password are confidential and are not to be shared.  Appropriate court attire required.

### 6. Mid-Discovery Status Conference

The Court sets a mid-discovery status conference for **November 5, 2025, at 9:00 a.m. in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**.  The parties shall file a joint status report one week prior to the conference updating the Court as to the status of the action and indicating whether there is continued need for the conference. The parties shall appear at the conference remotely with each party connecting via Zoom video conference.  The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference.  The Zoom ID number and password are confidential and are not to be shared.  Appropriate court attire required.

### 7. Pretrial Motion Schedule

All pre-trial motions, both dispositive and non-dispositive (except motions to compel, addressed above), shall be served <u>and filed</u> on or before **August 7, 2026**.  Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A. McAuliffe, United States Magistrate Judge, in Courtroom 8.  Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.  In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to

1  bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one
2  **telephonic or in person conference** as part of their obligations to meet and confer in good faith to
3  resolve their discovery dispute prior to seeking judicial intervention.  The parties are further cautioned
4  that boilerplate objections to written discovery will be summarily denied.

5        Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal
6  telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil
7  Procedure governing noticed motions to compel.  The procedures for requesting an informal
8  telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the
9  Court's website, http://www.caed.uscourts.gov.  If the parties stipulate to an informal ruling on a
10 discovery dispute that arises during a deposition, they may request an informal ruling during the
11 deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559)
12 499-5788.

13       The parties are advised that unless prior leave of the Court is obtained, all moving and
14 opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-
15 five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page
16 limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed
17 without leave, may not be considered by the Court.

18       ***Young Attorneys and Motions before Judge McAuliffe***:  Hearings on motions before Judge
19 McAuliffe are often vacated and submitted upon the record and briefs.  *See* L.R. 230(g).  However, the
20 Court recognizes the value and importance of training young attorneys, and the Court encourages the
21 parties to consider assigning the oral argument to an attorney with seven (7) years or less experience
22 out of law school. If any party provides notification that a young attorney from at least one party will
23 argue the motion, the Court will hold the hearing as scheduled. The parties shall so notify the Court by
24 separately including a section after the conclusion of the motion, opposition, or reply briefing
25 requesting the hearing remain on calendar. If no party provides such notice, the hearing may be
26 vacated without further notice.

27       **Motions for Summary Judgment or Summary Adjudication**
28       Prior to filing a motion for summary judgment or motion for summary adjudication the parties

are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**8.    Settlement Conference**

A Settlement Conference has not been scheduled. The parties may contact Courtroom Deputy Esther Valdez at (559) 499-5788 to schedule a settlement conference. If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**9.    Pretrial Conference**

This Court sets a pretrial conference for **February 1, 2027, at 1:30 p.m. in Courtroom 4 (JLT)** and will be heard before United States District Judge Jennifer L. Thurston. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Microsoft Word format to jltorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282. The parties must

identify all exhibits and witnesses, including those for rebuttal and/or impeachment purposes.  No exhibit or witness other than those listed in the joint pretrial statement and included in the Pretrial Order may be used at trial.  This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**10. Trial**

A five (5) day jury trial is set for **April 13, 2027, at 8:30 a.m.** in Courtroom 4 (JLT) before United States District Judge Jennifer L. Thurston.

**11. Effect of This Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**  The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __July 10, 2025__                          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE